UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | SACV 19-00807 AG (ADSx) | Date | May 22, 2019 |
|---|---|---|---|
| Title | GARY J. SROKA V. MR. COOPER ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig/Rolls Royce Paschal | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION**

Plaintiff filed this case for "Request for Dispute Resolution on Complaint", seemingly asserting jurisdiction based on "9 U.S. Code § 1, § 2, § 6, § 7, § 9" and "The Common Law". (*See generally* Compl., Dkt. No. 1.) These U.S. code sections relate to various provisions of the Federal Arbitration Act. Then Plaintiff filed an amended complaint (which he erroneously titles a declaration), seemingly asserting a claim for breach of contract under the Administrative Procedures Act. (*See generally* First Amended Compl., Dkt. No. 24.) The papers filed create confusion.

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Accordingly, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). "It is presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

The Court is concerned about whether it has jurisdiction over this case and whether the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00807 AG (ADSx) | Date | May 22, 2019 |
|---|---|---|---|
| Title | GARY J. SROKA V. MR. COOPER ET AL. | | |

can be allowed to proceed against the many Defendants named. Plaintiff's operative complaint contains insufficient facts to discern whether its claims appropriately arise under the Administrative Procedures Act or are supportable on some other theory. Plaintiffs are thus ORDERED TO SHOW CAUSE as to why this case should not be dismissed for lack of jurisdiction or viable claims or both. Plaintiff may submit a brief of no more than 3 pages by **May 28, 2019**.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku/rrp | |